UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

**09-21674**

EMILIO PINERO,

        Plaintiff,

v.

**CIV-HOEVELER**   MAGISTRATE JUDGE
GARBER

THE GRAHAM COMPANIES,

        Defendant.

_____/

FILED by _____ D.C.

JUN 1 7 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff. EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues THE GRAHAM COMPANY for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., ( hereinafter the "A.D.A".), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"),  and the Florida Building Code, and alleges as follows"

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to28 U.S.C., Sections 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. Section 1281. et seq., based upon Defendant's violations  of Title III of the ADA (see also, 28 U.S.C. Sections 2201 and 2202).

## PARTIES

2.    Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life

activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.     The Defendant, The Graham Companies transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, and/or operator of  the real property and improvements which are the subject of this action, commonly referred to as Park Centre Shops, a one- story strip mall consisting of two buildings, located on or about  79th Court and 154th Street, Miami Lakes, Florida, (hereinafter the "facility").

4.     The defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG, and the Florida Building Code.

5.     Plaintiff visited the facility and encountered barriers to access at the facility, and engaged those barriers, suffered  legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8.    Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/0r accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9.    Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10.    Defendant has discriminated  against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., Section 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., Section 12182(b)(2)(A)(iv),and the Florida Building Code, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11.    Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

    a.    There is not a compliant accessible route from the disabled parking spaces to the facility in violation of ADAAG 4.3.2.

    b.    There is not a compliant accessible route from the public sidewalk and transportation stops in violation of ADAAG 4..2.

    c.    The parking spaces designated as accessible do not have proper striping and signings designating them as accessible spaces ADAAG 4.6.

    d.    There is a lack of directional signage and policies in place to assist persons with disabilities within the facility in violation ADAAAG 4.30.1-4.30.5.

    e.    There is a lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance in violation of ADAAG 4.6.

    f.    The fire and smoke alarms in the non compliant restrooms are not compliant in violation of ADAAG 4.29.

    g.    There is non-compliant door hardware on multiple doors to permanent rooms and spaces that require tight pinching and grasping to operate in violation of AADAG 4.13.9.

    h.    There are counters and service windows that are inaccessible because they are higher than 36 inches in violation of ADAAG 7.2.

i.    There are restrooms at the facility that are inaccessible due to, non-compliant side approach on the pull side of the restroom doors, door width that is too narrow, non-compliant clear floor space and turning radius within the restroom and accessible stall, exposed pipes, non compliant urinal height, non compliant grab bars, non compliant or a lack of Braille signage at restroom doors, non compliant mirror height and non compliant coat hooks, protruding objects, and lack of insulated pipes in violation of ADAAG 4.22, and 4.13.9.

12.    Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

13.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.   42 U.S.C. Section 12182(B)(2)(A)(iv);  42 U.S.C. Section 12181(9); 28 C.F.R, Section 36.304.

14.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

15.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., Section 12205 and 12217.

16.     Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

LAUREN WASSENBERG, ESQ.
Florida Bar No. 0034083
429 Lenox Avenue
Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723
Attorney for Plaintiff

6

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| EMILIO PINERO | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| THE GRAHAM COMPANIES | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Graham Companies
6843 Main Street
Miami Lakes, Florida 33014

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lauren N. Wassenberg, Esq.
429 Lenox Avenue, Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:        06/15/2009

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

EMILIO PINERO,

                Plaintiff,

v.

THE GRAHAM COMPANIES,

                Defendant.

_____/

## COMPLAINT

Plaintiff. EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues THE GRAHAM COMPANY for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., ( hereinafter the "A.D.A".), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"),  and the Florida Building Code, and alleges as follows"

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to28 U.S.C., Sections 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. Section 1281. et seq., based upon Defendant's violations  of Title III of the ADA (see also, 28 U.S.C. Sections 2201 and 2202).

## PARTIES

2.      Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life

activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      The Defendant, The Graham Companies transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Park Centre Shops, a one- story strip mall consisting of two buildings, located on or about 79th Court and 154th Street, Miami Lakes, Florida, (hereinafter the "facility").

4.      The defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG, and the Florida Building Code.

5.      Plaintiff visited the facility and encountered barriers to access at the facility, and engaged those barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8.      Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/0r accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9.      Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10.     Defendant has discriminated  against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., Section 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., Section 12182(b)(2)(A)(iv),and the Florida Building Code, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a. There is not a compliant accessible route from the disabled parking spaces to the facility in violation of ADAAG 4.3.2.

b. There is not a compliant accessible route from the public sidewalk and transportation stops in violation of ADAAG 4..2.

c. The parking spaces designated as accessible do not have proper striping and signings designating them as accessible spaces ADAAG 4.6.

d. There is a lack of directional signage and policies in place to assist persons with disabilities within the facility in violation ADAAAG 4.30.1-4.30.5.

e. There is a lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance in violation of ADAAG 4.6.

f. The fire and smoke alarms in the non compliant restrooms are not compliant in violation of ADAAG 4.29.

g. There is non-compliant door hardware on multiple doors to permanent rooms and spaces that require tight pinching and grasping to operate in violation of AADAG 4.13.9.

h. There are counters and service windows that are inaccessible because they are higher than 36 inches in violation of ADAAG 7.2.

4

i.   There are restrooms at the facility that are inaccessible due to, non-compliant side approach on the pull side of the restroom doors, door width that is too narrow, non-compliant clear floor space and turning radius within the restroom and accessible stall, exposed pipes, non compliant urinal height, non compliant grab bars, non compliant or a lack of Braille signage at restroom doors, non compliant mirror height and non compliant coat hooks, protruding objects, and lack of insulated pipes in violation of ADAAG 4.22, and 4.13.9.

12.   Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

13.   The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.   42 U.S.C. Section 12182(B)(2)(A)(iv);  42 U.S.C. Section 12181(9); 28 C.F.R, Section 36.304.

14.   Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

15.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., Section 12205 and 12217.

16.     Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

LAUREN WASSENBERG, ESQ.
Florida Bar No. 0034083
429 Lenox Avenue
Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723
Attorney for Plaintiff

AO 440 (Rev. 02/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| EMILIO PINERO | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| THE GRAHAM COMPANIES | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The Graham Companies
6843 Main Street
Miami Lakes, Florida 33014

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lauren N. Wassenberg, Esq.
429 Lenox Avenue, Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____06/15/2009_____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

EMILIO PINERO,

                    Plaintiff,

v.

THE GRAHAM COMPANIES,

                    Defendant.

_____/

## COMPLAINT

Plaintiff. EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues THE GRAHAM COMPANY for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., ( hereinafter the "A.D.A".), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"),  and the Florida Building Code, and alleges as follows"

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., Sections 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. Section 1281. et seq., based upon Defendant's violations  of Title III of the ADA (see also, 28 U.S.C. Sections 2201 and 2202).

## PARTIES

2.     Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life

activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      The Defendant, The Graham Companies transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Park Centre Shops, a one- story strip mall consisting of two buildings, located on or about 79th Court and 154th Street, Miami Lakes, Florida, (hereinafter the "facility").

4.      The defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG, and the Florida Building Code.

5.      Plaintiff visited the facility and encountered barriers to access at the facility, and engaged those barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8.      Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/0r accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9.      Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10.     Defendant has discriminated  against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., Section 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., Section 12182(b)(2)(A)(iv),and the Florida Building Code, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a.     There is not a compliant accessible route from the disabled parking spaces to the facility in violation of ADAAG 4.3.2.

b.     There is not a compliant accessible route from the public sidewalk and transportation stops in violation of ADAAG 4..2.

c.     The parking spaces designated as accessible do not have proper striping and signings designating them as accessible spaces ADAAG 4.6.

d.     There is a lack of directional signage and policies in place to assist persons with disabilities within the facility in violation ADAAAG 4.30.1-4.30.5.

e.     There is a lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance in violation of ADAAG 4.6.

f.     The fire and smoke alarms in the non compliant restrooms are not compliant in violation of ADAAG 4.29.

g.     There is non-compliant door hardware on multiple doors to permanent rooms and spaces that require tight pinching and grasping to operate in violation of AADAG 4.13.9.

h.     There are counters and service windows that are inaccessible because they are higher than 36 inches in violation of ADAAG 7.2.

i.      There are restrooms at the facility that are inaccessible due to, non-compliant side approach on the pull side of the restroom doors, door width that is too narrow, non-compliant clear floor space and turning radius within the restroom and accessible stall, exposed pipes, non compliant urinal height, non compliant grab bars, non compliant or a lack of Braille signage at restroom doors, non compliant mirror height and non compliant coat hooks, protruding objects, and lack of insulated pipes in violation of ADAAG 4.22, and 4.13.9.

12.     Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

13.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.   42 U.S.C. Section 12182(B)(2)(A)(iv);  42 U.S.C. Section 12181(9); 28 C.F.R, Section 36.304.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

15.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., Section 12205 and 12217.

16.     Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,**  Plaintiff  respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

LAUREN WASSENBERG, ESQ.
Florida Bar No. 0034083
429 Lenox Avenue
Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723
Attorney for Plaintiff

℺JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Emilio Pinero

**(b)** County of Residence of First Listed Plaintiff   Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lauren N. Wassenberg, Esq.
429 Lenox Avenue, Suite 4W23
Miami Beach, Florida 33139
(305) 537-3733

**DEFENDANTS**

The Graham Companies

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 09cv 21674 — Hoeveler / Garber

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | |
| | ■ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | ☐ 950 Constitutionality of State |
| | Other | | Detainee | | Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☐ YES ☑ NO

JUDGE                                          DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Action for injunctive relief pursuant to 42 USC, Section 1281(ADA) and 28 CFR, Part 36.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23          DEMAND $          CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
June 15, 2009

FOR OFFICE USE ONLY

AMOUNT 350          RECEIPT # 1003074          IFP